**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMGAD AHMED,** | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | **No. 21-** |
| | : | |
| **JOSEPH REMMEL, JAMES LUCAS,** | : | **JURY TRIAL DEMANDED** |
| **WHITEHALL TOWNSHIP** | : | |
| **Defendants** | : | |

## COMPLAINT

1.      Plaintiff, Amgad Ahmed, is an adult individual residing at 900 Mickley Rd, Apt. F2-1, Whitehall, Lehigh County, Pennsylvania.

2.      Defendants Joseph Remmel, James Lucas, are or were police officers employed by Defendant Whitehall Township, a municipality, who maintain offices at 3219 MacArthur Rd., Whitehall, Lehigh County, Pennsylvania.

## JURISDICTION

3.      This Court has jurisdiction over this matter pursuant to its federal question jurisdiction, codified at 28 U.S.C. § 1331, because this case involves federal law, specifically, 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment to the United States Constitution.

## FACTS

4.      At all times relevant herein, Defendants were acting under the color of law of the State of Pennsylvania in the course and scope of their employment as Police Officers for the Whitehall Township in Pennsylvania.

5.      On or about August 1, 2019, an automobile owned by Plaintiff, a 2014 Lincoln MK2, was stolen while parked in the City of Allentown.

6.      This theft was reported to the City of Allentown Police on the same day.

7.      On or about August 3, 2019, this car was recovered by the Allentown Police in the City of Allentown.

8.      Plaintiff was told that during the recovery of the car, three unknown persons fled from the car.

9.      Allentown Police impounded the car, which was processed for fingerprints and other evidence, all without Plaintiff's objection.

10.     During the time the thieves had Plaintiff's car, significant damage was done to it, which took five weeks to repair.

11.     Plaintiff eventually picked up the car from the repair garage on September 16, 2019.

12.     On September 19, 2019, Plaintiff was peacefully going about his business, and legally driving this recovered vehicle in the area of Route 22 and the exit for MacArthur Road.

13.     At that time, a Whitehall Police Vehicle signaled with its lights and sirens for Plaintiff to pull over, and Plaintiff complied.

14.     Much to Plaintiffs surprise many other police cars arrived on the scene, also with lights and sirens.

15.     Plaintiff was ordered out of his vehicle while Defendant Officers were pointing their guns at him.

16.     Plaintiff, terrified and in fear for his life, complied with the Officers directions, including throwing his keys out the window, lifting up his shift, and walking backwards, until one or more of the Defendants placed handcuffs on him.

17.     Plaintiff had on his possession his State Issued driver's license, verifying his identity, which proved, beyond any doubt, that Plaintiff was the owner of the vehicle he was driving.

18.     In fact, one or more of Defendants pinned Plaintiff, while handcuffed, to the outside of the patrol vehicle, and removed Plaintiff's wallet, containing his Identification, from his pocket.

19.     Despite knowing that Plaintiff was the owner of the vehicle, he remained detained on the roadside until City of Allentown removed the car from NCIC, and confirmed that the car had been recovered and was no longer stolen, which finally did occur.

20.     Eventually, Plaintiff was released from the handcuffs, and told that all of these events occurred because his car had been showing up as stolen.

## <u>COUNT ONE: ILLEGAL USE OF EXCESSIVE FORCE</u>
## <u>(Plaintiff v. Defendants Remmel & Lucas)</u>

21.     Paragraph 1-20 are hereby incorporated as if set forth at length.

22.     Defendants seized Plaintiff using deadly force, specifically pointing loaded guns at him, which was objectively unreasonable under the circumstances.

23.     By pointing their service weapons at Plaintiff during the course of his arrest, Plaintiff was seized by means of deadly force, since more than a remote possibility of death was the result of Defendants' actions.

24.     Defendants had no reason whatsoever to believe that Plaintiff was armed or presented a threat; specifically:

(a)   no deadly force was used or threatened by the unknown person(s) who actually stole Plaintiff's car;

(b)   Plaintiff at all times cooperated with Defendant's commands;

(c)   Plaintiff never resisted or used any violence whatsoever against Defendants;

(d)   the severity of the alleged crime at issue, being in possession of stolen property, would not cause a reasonable officer to believe that his safety was threatened, or the use of deadly force warranted;

(e)   at no time would the conduct of Plaintiff have caused a reasonable officer to believe that his safety was threatened, or the use of deadly force was warranted.

25.     Defendants' use of deadly force during the seizure of Plaintiff, was objectively unreasonable, violating Plaintiff's constitutional right to be free from unreasonable searches and seizures.

26.     As a result of Defendants violation of Plaintiff's constitutional rights, as aforesaid, Plaintiff has suffered from severe shock, fear, and the memories of this terrifying incident, where he was held at gunpoint, has interfered with his ability to sleep, and his general sense of well-being.

WHEREFORE, Plaintiff demands that judgment be entered in his favor, and against Defendants, jointly and severally, in an unliquidated amount, together with the costs of this suit, and attorney's fees as allowed by law, including 42 U.S.C. § 1988.

### COUNT TWO: MUNICIPAL LIABILITY (MONELL CLAIM)
### (Plaintiff v. Defendant Whitehall Township)

27.     The allegations of paragraphs 1-26 are hereby incorporated as if set forth at length.

28.     Upon information and belief, Defendant, Whitehall Township, has promulgated a policy or custom, dictated to its police officers, that any stop of a car reported to be stolen, regardless of any other circumstances, authorizes the use of deadly force, specifically, pointing a loaded gun at the driver of a car reported to be stolen.

29.     Whitehall Township had an affirmative duty to supervise and train its officers concerning the situations when the use of deadly force, including the pointing of loaded guns at other persons, is allowed under the United States Constitution.

30.     In this case, Defendants Remmel and Lucas used deadly force, by pointing loaded guns at Plaintiff, pursuant to the official policy and custom of Whitehall Township.

31.     Defendant Remmel admitted that he never even saw Plaintiff before pulling over his car, and ordering him out of the car at gunpoint.

32.     Defendant Remmel further admitted that, from the time he pulled Plaintiff over, he strongly suspected a mistake was being made, because Plaintiff pulled over immediately, and then proceeded to cooperate completely.

33.     Despite Defendant Remmel's subjective mindset, he continued to use deadly force against Plaintiff by pointing a loaded gun at him.

34.     Upon information and belief, Defendant Lucas had no information whatsoever about Plaintiff, other than that the car Plaintiff was driving was showing up as stolen in NCIC.

35.     Pursuant to what Defendant Lucas understood to be the official policy and custom of Whitehall Township, he also used deadly force against Plaintiff by pointing a gun at him, without any objective justification to do so whatsoever.

36.     Due to this unconstitutional policy and custom of Defendant Whitehall Township, and because Defendant Whitehall Township failed to train Defendants Remmel and Lucas that (a) pointing a loaded gun at another person constitutes deadly force, and that force where no one is wounded or killed can still be deadly force (see Schall v. Vazquez, 322 F.Supp.2d. 594, 600 (E.D. Pa. 2004); and (b) that deadly force can only be used to prevent the escape of a suspect who presents a serious threat of injury or death to the officers or others (see id. at 601); Plaintiff was damaged by the violation of his Fourth Amendment rights, in the ways set forth above.

WHEREFORE, Plaintiff demands that judgment be entered in his favor, and against Defendant, Whitehall Township, in an unliquidated amount, together with the costs of this suit, and attorney's fees as allowed by law, including 42 U.S.C. § 1988.

THE ORLOSKI LAW FIRM

/s/ Richard L. Orloski
Attorney for Plaintiff
Attorney ID No.: 80037
111 N. Cedar Crest Blvd.
Allentown, PA 18104
(610) 433-2363